IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | * * * * | |
| Plaintiff | * * | Civ. No.: MJM-22-2723 |
| v. | * * | |
| ADVANCED LIGHTING TECHNOLOGIES, LLC, et al., | * * * | |
| Defendants. | * * | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant GrowGeneration's Motion to Dismiss ("the Motion"). The Motion is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall grant the Motion and dismiss all claims in the Third Amended Complaint against GrowGeneration without prejudice.

**I.  RELEVANT FACTUAL BACKGROUND**

National Fire & Marine Insurance Co. ("Plaintiff") is an insurance company incorporated and headquartered in Nebraska. 3d Am. Compl., ECF 96 ("TAC"), ¶ 1. Plaintiff brings this action as subrogee to the rights of its insured, Manticorp, LLC ("Manticorp"), for fire damage that occurred on August 17, 2020, at Manticorp's property in Cumberland, Maryland. *Id.* ¶ 2. Manticorp had been leasing the property from Northbranch Properties, LLC. *Id.*

Manticorp is a limited liability company that "grow[s], cultivate[s], process[es], sell[s], and distribute[s] cannabis products." *Id.* ¶ 26. In 2017, Manticorp installed a grow light system containing E. Papillon 1000-watt HPS light fixtures ("E. Papillon lights") and 100 Watt grow

1

lamps from Chlorophyll, Inc. *Id.* ¶¶ 7, 38. On August 18, 2018, Manticorp purchased Sunmaster 1000-Watt High-Pressure Sodium double-ended lamps ("Sunmaster lamps"). *Id.* ¶ 45. Manticorp installed the Sunmaster lamps into the E. Papillon light fixtures, and the light fixtures and lamps remained in use until August 17, 2020. *Id.* ¶ 52. On that date, one of the Sunmaster lamps in the E. Pappilon light fixture "catastrophically exploded, failed, disintegrated and resulted in gases, sparks, and other highly heated components of the lamp to be expelled through the cracked outer glass envelope of the lamp and caused a fire at the property." *Id.* ¶ 57. Plaintiff alleges that Chlorophyll marketed, sold, and distributed the E. Papillon light fixture at all relevant times. *Id.* ¶ 41.

Defendant, then known as GrowGeneration Pueblo,[1] entered into an Asset Purchase Agreement (the "Agreement") with Chlorophyll in 2018. *Id.* ¶ 10. Plaintiff alleges that after Defendant and Chlorophyll finalized the Agreement, Defendant "employed the same former Chlorophyll workers and supervisors, used the Chlorophyll customer bases, sold the same products as Chlorophyll, used the same distributors as Chlorophyll, and operated from the same location as did Chlorophyll." *Id.* ¶ 12. Plaintiff also alleges that Defendant acquired Chlorophyll's goodwill and that Chlorophyll officers received stock in GrowGeneration Pueblo. *Id.* ¶¶ 11, 13.

## II.     RELEVANT PROCEDURAL BACKGROUND

On October 23, 2022, Plaintiff filed its initial Complaint setting forth causes of action for products liability, negligence, and breach of implied warranties against Advanced Lighting Technologies, LLC ("Advanced Lighting"); Venture Lighting International, Inc. ("Venture Lighting"); Albion Enterprises, LLC, t/a pHive.8; and GrowGeneration. ECF 1. GrowGeneration

---

[1]    In August 2021, GrowGeneration Pueblo changed its name to GrowGeneration and moved its place of incorporation from Colorado to Delaware. TAC, ¶ 9.

2

filed an Answer to the initial Complaint. ECF 14. Thereafter, Plaintiff amended the Complaint three times while asserting the same causes of action against the same defendants. *See* ECF 33, 58 & 96. Specifically, the Third Amended Complaint (the "TAC"), alleges three counts against GrowGeneration: products liability (Count VII), negligence (Count VIII), and breach of implied warranties (Count IX). TAC, ECF 96, at 20–24. On February 16, 2024, the parties filed a Stipulation of Partial Dismissal with Prejudice to dismiss Count IX against GrowGeneration, ECF 97, which was granted, ECF 100. On February 27, 2024, GrowGeneration filed its Answer to the TAC, ECF 101, and on February 29, 2024, it filed a Motion to Dismiss the TAC, ECF 105. Plaintiff filed a Response in Opposition to the Motion, ECF 110, and GrowGeneration filed a Reply in Support of the Motion, ECF 113. With leave of the Court, ECF 126, Plaintiff also filed a Surreply, ECF 127, and GrowGeneration filed a Supplement in support of its Motion, ECF 128.

### III. STANDARD OF REVIEW

Under Rule 8(a)(2) of Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file amotion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Generally, a court may not consider extrinsic evidence at the motion to dismiss stage. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011). However, where "a defendant attaches a document to its motion to dismiss, a court may consider it . . . if it [is] integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Id.* (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotations omitted). A document is considered integral when it, "by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Id.* (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

4

If a court otherwise considers matters outside the pleadings attached to a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A motion for summary judgment under Rule 56 may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to convert a motion to dismiss into one for summary judgment, a court should exercise "great caution" and consider whether conversion "is likely to facilitate the disposition of the action . . . [and] whether discovery prior to the utilization of the summary judgment procedure is necessary." *Sager v. House Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012). The Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)).

The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). In deciding whether to convert a motion to dismiss to one for summary judgment, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. 5 Wright & Miller, Fed. Prac. & Proc. § 1366 (3d ed. 2004).

## IV.   ANALYSIS

In its Motion to Dismiss, GrowGeneration contends that it is not a successor in interest to Chlorophyll under Maryland law and is therefore not liable for the conduct of Chlorophyll alleged

5

in the TAC. ECF 105 & 113. In support of its Motion, GrowGeneration submits an excerpted transcript of the deposition of Lee McCall, a shareholder in Chlorophyll, ECF 108, as well as an affidavit from Stephen Kozey, GrowGeneration's general counsel, ECF 128-2.[2] In these exhibits, McCall and Kozey each address the asset purchase transaction and relationship between GrowGeneration and Chlorophyll.

Plaintiff argues in its Opposition that Colorado law applies, that the Agreement between GrowGeneration and Chlorophyll was a de facto merger under Colorado law, and that GrowGeneration is a mere continuation of Chlorophyll's business operation. ECF 110. As to McCall's deposition testimony, Plaintiff argues that the excerpted transcript should not be considered without converting the Motion to a motion for summary judgment and that a converted summary judgment motion should be denied because Plaintiff has not had a reasonable opportunity to conduct discovery of GrowGeneration. *Id.* at 6–7. In its Surreply, Plaintiff describes and attaches documents obtained in discovery which it contends raise genuine issues of fact regarding GrowGeneration's successor liability. ECF 127.

The Court will address first whether the Motion to Dismiss will be converted to a summary judgment motion, then the choice-of-law issue, and finally whether Plaintiff has established GrowGeneration's liability as a successor to Chlorophyll.

    A.  **Conversion to Motion for Summary Judgment**

Plaintiff requests that the Court, in ruling on the Motion, consider the Agreement but not the excerpts from McCall's deposition transcript. ECF 110 at 6–8. Plaintiff also offers a Rule 56(d) declaration averring that it has not had a reasonable opportunity to conduct discovery on facts

---

[2]     The parties also refer to the Agreement as an exhibit to GrowGeneration's Motion. *See* ECF 105 at 2 n.2; ECF 110 at 2. However, GrowGeneration did not attach a copy of the Agreement to the Motion and has not submitted a copy in any supplemental filing.

relating to the issue of GrowGeneration's successor liability. ECF 110-2. Without such discovery, Plaintiff is not able to make a fulsome response to issues raised in GrowGeneration's Motion.

The Court finds that Plaintiff has not had a reasonable opportunity to conduct discovery on the successor liability question, and thus declines to convert the Motion to Dismiss to one for summary judgment. Consideration of extrinsic evidence is not necessary to resolve the Motion. While the Agreement is integral to and directly referenced in the TAC, McCall's deposition testimony is not, *see Chesapeake Bay Found.*, 794 F. Supp. 2d at 611, and the deposition transcript shall not be considered at this stage. Similarly, the documents attached to Plaintiff's Surreply, ECF 127, and the affidavit attached to GrowGeneration's Supplement, ECF 128, are neither integral to nor referenced in the TAC, and they shall not be considered. The Motion will be treated solely as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

### B. Choice of Law

When a court sits in diversity jurisdiction, it applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497–98 (1941); *see also Med. Mut. Ins. Co. of N.C. v. Gnik*, 93 F.4th 192, 199 n.3 (4th Cir. 2024); *In re Thompson*, 309 A.3d 51, 61 n.11 (Md. App. Ct. 2024). When a plaintiff asserts a tort claim, "Maryland adheres to the First Restatement of Conflict of Laws rule, *lex loci delicti commissi*, or the law of the place of harm, to determine the applicable substantive law." *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) (citing *Naughton v. Bankier*, 691 A.2d 712, 716 (Md. Ct. Spec. App. 1997)); *see also DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 807 (4th Cir. 2013) (affirming this principle). Maryland choice of law rules dictate that the applicable law is the law of "the state where the last event necessary to make an actor liable for an alleged tort takes place." *Wells*, 186 F.3d at 521 (quoting Restatement (First) of Conflict of Laws § 377 (1934)).

In the instant case, Plaintiff asserts that GrowGeneration is liable as Chlorophyll's successor for products liability and negligence.[3] TAC at 20–23. Products liability and negligence are quintessential torts, so the *lex loci delicti commissi* rule applies.[4] The last event necessary to make GrowGeneration liable as a tortfeasor was the fire that occurred at Manticorp's property in Maryland on August 17, 2020. TAC, ¶¶ 57–60. Accordingly, Maryland law applies to Plaintiff's claims against GrowGeneration.

### C. Successor Liability

The Court now turns to whether Plaintiff has alleged sufficient facts in the TAC to state plausible claims against GrowGeneration as successor to Chlorophyll under Maryland law.

In Maryland, "ordinarily, a corporation which acquires the assets of another corporation is not liable for the debts and liabilities of the predecessor corporation." *Balt. Luggage Co. v. Holtzman,* 562 A.2d 1286, 1289 (Md. Ct. Spec. App. 1989), *cert. denied*, 568 A.2d 28 (Md. 1990); *see also Playmark Inc. v. Perret*, 268 A.3d 988, 996–97 (Md. Ct. Spec. App. 2022). However, a successor corporation *will* become liable for its predecessor's debts and obligations where "(1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction is fraudulent." *PCS Nitrogen Inc. v. Ashley*

---

[3] Plaintiff also sued Defendant for breach of implied warranty (Count IX), TAC at 23–24, but the claim was dismissed pursuant to a joint stipulation on February 26, 2024, ECF 100.

[4] Although the parties both contend that the choice of applicable law is determined by the Agreement between GrowGeneration and Chlorophyll, ECF 110 at 8; ECF 113 at 2, this Court does not agree. Plaintiff's claims against GrowGeneration are tort claims—not contract claims. Therefore, the Court must apply *lex loci delicti commissi*. *See McMillan v. Kan. City Life Ins. Co.*, Civ. No. ELH-22-011, 2023 WL 2499746, at *7, *13–14 (D. Md. Mar. 14, 2023) (applying *lex loci contractus* to breach of contract claims and *lex loci delicti commissi* to a conversion claim); *Farmer v. Kent*, Civ. No. TDC-20-1806, 2021 WL 690025, at *3 (D. Md. Feb. 23, 2021), *aff'd*, No. 21-1350, 2022 WL 4482087 (4th Cir. Sept. 27, 2022) ("Although Farmer argues that New Jersey law applies because it governed his retainer agreement with Mrs. Marsh, he has not asserted a breach of contract claim; rather, all of his claims sound in tort.").

*II of Charleston LLC*, 714 F.3d 161, 173 (4th Cir. 2013) (quoting *United States v. Carolina Transformer Co.*, 978 F.3d 832, 838 (4th Cir. 1992)).  When considering a motion to dismiss for lack of successor liability, a plaintiff must "identify which of the four exceptions it is invoking for successor liability" and put forth "facts supporting the invocation of the chosen exception." *68th Street Site Work Grp. v. Airgas, Inc.*, Civ. No. SAG-20-3385, 2021 WL 4255030, at *9 (D. Md. Sept. 16, 2021) (citing *Leonard v. Bed, Bath & Beyond, Inc.*, No. 5:15-CV-00284-F, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016)).

Plaintiff alleges in the TAC that GrowGeneration is a mere continuation of Chlorophyll and is a continuity of Chlorophyll's enterprise. TAC, ¶ 12.[5] In its Opposition, Plaintiff also invokes the de facto merger exception, ECF 110 at 9, but because it did not do so in the TAC, the Court may not consider it, *see Airgas*, 2021 WL 4255030, at *11 (rejecting the plaintiff's attempt to invoke the de facto merger exception to the successor liability rule for the first time in its opposition to a motion to dismiss) (citations omitted); *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 573 (D. Md. 2019) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991)).  Accordingly, only the mere continuation exception shall be addressed.

The mere continuation exception ensures that a purchasing company will not escape liability where it "maintains the same or similar management and ownership but wears a 'new hat.'" *Balt. Luggage*, 562 A.2d at 1293 ("[I]f a corporation goes through a mere change in form

---

[5]  Continuity of enterprise is an expansion of the mere continuation exception to the ordinary successor liability rule. *Balt. Luggage*, 562 A.2d at 1293 n.10.  Both Maryland and Colorado have expressly refused to recognize the continuity of enterprise exception. *Nissen Corp, v. Miller*, 594 A.2d 564, 567 (Md. 1991) ("[W]e reject the continuity of enterprise theory of successor corporate liability."); *Johnston v. Amsted Indus., Inc.*, 830 P.2d 1141, 1147 (Colo. App. 1992) ("[W]e also decline to adopt the [] 'continuity of enterprise rule.'") (citations omitted).  As such, the Court need not address it.

without a significant change in substance, it should not be able to escape liability.") (citations omitted). To determine if the mere continuation exception applies, courts consider the following factors:

> (1) any change in ownership and management, (2) the continued existence of the selling corporation, (3) the adequacy of consideration, (4) the transfer of any instrumental employees from the predecessor to the successor, and (5) the purpose of the asset sale.

*Yao v. Chen*, Civ. No. TDC-23-0889, 2024 WL 1051740, at *5 (D. Md. Mar. 11, 2024) (quoting *Martin v. TWP Enters.*, 132 A.3d 361, 377 (Md. Ct. Spec. App. 2016)). "Ultimately, however, a successor's liability depends not on the similarity of the continuing business enterprise but rather on the singularity of the two corporate entities at issue." *Odjaghian v. EngagePoint, Inc.*, Civ. No. JKB-18-0151, 2018 WL 3329617, at *5 (D. Md. July 6, 2018), *aff'd sub nom. Odjaghian v. HHS Tech. Grp., LLC,* 848 F. App'x 534 (4th Cir. 2021) (citation omitted). "The gravamen of the traditional 'mere continuation' exception is the continuation of the corporate entity rather than the continuation of the business operation . . . ." *Nissen Corp.*, 594 A.2d at 567.[6] The focus of the inquiry is on whether only one corporation remains in existence after the sale of assets and on the continuation of management and ownership between the predecessor and successor. *See Yao*, 2024 WL 1051740, at *5 (citing *Nissen Corp.*, 594 A.2d at 567); *Odjaghian*, 2018 WL 3329617, at *5 (citing *Balt. Luggage*, 562 A.2d at 1293).

In the instant case, Plaintiff alleges in the TAC that GrowGeneration Pueblo "operated the former Chlorophyll business as a mere continuation . . . [,]" *id.* ¶ 12, but the Court is not bound to

---

[6]   The continuation of the business operation after the sale of assets is the gravamen of the continuity of enterprise exception, *see Nissen Corp.*, 592 A.2d at 567, which, as discussed *supra*, is not recognized in Maryland law.

accept this legal conclusion as true. The issue is whether the TAC contains sufficient facts to support a reasonable inference that the mere continuation exception applies.

The Court finds the facts alleged in the TAC insufficient to establish GrowGeneration's liability under the mere continuation exception. Plaintiff alleges that, before changing its name to GrowGeneration, GrowGeneration Pueblo entered into the Asset Purchase Agreement with Chlorophyll, through which officers of Chlorophyll acquired stock in GrowGeneration Pueblo. TAC, ¶¶ 9–11. Thereafter, GrowGeneration Pueblo employed Chlorophyll's former workers and supervisors, "used the Chlorophyll customer bases, sold the same products as Chlorophyll, used the same distributors as Chlorophyll, . . . operated from the same location as did Chlorophyll[,]" and acquired Chlorophyll's assets and goodwill. *Id.* ¶¶ 12–13.[7] Plaintiff offers no facts in the TAC, however, concerning whether Chlorophyll continued to exist after the sale of assets to GrowGeneration, the extent to which the two entities were owned and managed by the same persons following the sale, the adequacy of consideration Chlorophyll received for the sale, or the purpose of the sale. That former Chlorophyll workers and supervisors have gone over to GrowGeneration is not enough to confer successor liability. *See AMA Sys. LLC v. 3B Tech, Inc.*, Civ. No. JRR-21-1472, 2023 WL 7410854, at *6 (D. Md. Nov. 9, 2023) (rejecting mere continuation theory even where plaintiff had alleged that employees of the predecessor company who had switched over to the successor company had been "advised to report to the same management after the sale"); *Odjaghian*, 2018 WL 3329617, at *5 (rejecting mere continuation theory, even where management team of the predecessor company went over to the successor

---

[7] Plaintiff also claims in its Opposition that, per the Agreement, Defendant acquired Chlorophyll's trademarks, website, copyrights, and existing contracts. ECF 110 at 3 (citing Asset Purchase Agreement, ¶¶ 2.1.4, 2.3.2(d)–(e)). Neither party has provided the Court with a copy of the Agreement, however, and even if the Court were to accept such facts as true, they would not be sufficient to satisfy the mere continuation exception. *See Nissen Corp.*, 592 A.2d at 567.

company, because the predecessor company continued to exist); *Balt. Luggage*, 562 A.2d at 1293–95 (rejecting mere continuation theory where the owner of the predecessor company received a minority ownership in the successor company). Ultimately, the TAC does not include sufficient facts to support a reasonable inference that GrowGeneration is a mere continuation of Chlorophyll.

Plaintiff has thus failed to plead an applicable exception to the traditional rule against successor liability. Therefore, GrowGeneration cannot be held responsible for the debts and liabilities of Chlorophyll as presently alleged.

## V.    CONCLUSION

For the foregoing reasons, GrowGeneration's Motion to Dismiss shall be granted, and the claims in the TAC against GrowGeneration shall be dismissed without prejudice.

A separate Order shall follow.

July  11th , 2024

Matthew J. Maddox
United States District Judge